UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN OWENS, #737910,

    Petitioner,

v.                                     CASE NO. 2:15-CV-12339
                                        HONORABLE VICTORIA A. ROBERTS

THOMAS WINN,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING THE HABEAS CASE AS DUPLICATIVE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Steven Owens ("Petitioner"), a state prisoner confined at the Saginaw Correctional Facility in Freeland, Michigan. A jury convicted him in the Saginaw County Circuit Court in 2011 of: (1) conspiracy to assault with intent to do great bodily harm less than murder, (2) solicitation to assault with intent to do great bodily harm less than murder, (3) assault with intent to do great bodily harm less than murder, (4) bribing, intimidating, or interfering with a witness in a criminal case, and (5) inciting or procuring one to commit perjury. He raises 15 claims for relief.

This case is duplicative of an already filed federal habeas action with this Court challenging the same state convictions; it is pending before another district judge. *See Owens v. Winn*, Case No. 2:15-CV-11778 (E.D. Mich.) (Leitman, J.). A suit is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ between the two actions. *See, e.g., Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). Because Petitioner challenges the same convictions in both cases and raises

the same claims, the Court will dismiss and close this second habeas case as duplicative. *See Harrington v. Stegall,* 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *Colon v. Smith*, 2000 WL 760711, *1, n. 1 (E.D. Mich. May 8, 2000); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss a habeas petition as duplicative of a pending habeas petition when the second petition is essentially the same as the first petition).[1]

This dismissal is without prejudice to Petitioner's habeas action in Case No. 2:15-CV-11778.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal; an appeal cannot be take in good faith. Fed. R. App. P.

---

[1] The Court notes that the duplicative filing may arise from Petitioner's attempt to correct a filing deficiency as to his initial petition and/or from a filing error by the Court. In any event, the filing deficiency in the first case has been corrected.

24(a).

**IT IS SO ORDERED**.

                                              S/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated:  July 29, 2015

> The undersigned certifies that a copy of this document was served on the attorneys of record and Steven Owens by electronic means or U.S. Mail on July 29, 2015.
>
> S/Carol A. Pinegar
> Deputy Clerk